636 A.2d 652

**Mark H. HAMM, Appellant,**

v.

**Michele J. HAMM, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1993.

Filed Jan. 24, 1994.

Angelo T. Almonti, Allentown, for appellant.

Joseph J. Matika, Summit Hill, for appellee (Submitted).

Before McEWEN, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge.

This is an appeal from a trial court order granting Appellee's motion to transfer the underlying custody case to the state of Nebraska on forum non conveniens grounds. On appeal Appellant, the father of the minor child involved in the custody dispute, argues that the court abused in discretion in ordering the transfer. He further asserts that the court should have dismissed Appellee, mother's, petition to transfer for lack of timely notification and/or pursuant to the doctrine of res judicata. Because of the very incomplete state of the record in this case, we are unable to review the specific claims made and remand this matter to the trial court for resolution.

The trial court in its memorandum opinion sets forth some of the facts of the case. The parties' daughter was born in 1990 in Florida, and the family moved to Pennsylvania later that year. The court found that the parties separated because of marital difficulties in November of 1991. It also states that on November 22, 1991 Appellant filed a custody action in Lehigh County, and that Appellee, returned to her family in Nebraska along with her daughter. There is no indication whether the move to Nebraska was made before or after the filing of the custody action. Because Appellant then later moved from Lehigh County to Carbon County before a hearing could be held, the Lehigh County court dismissed its action and recommended that the matter be transferred to Carbon County. In May of 1992, Appellant filed a Complaint in Custody in Carbon County and in June, following a Custody Conciliation Conference an Interim Order was entered granting temporary custody to Appellee. The court also was presented with a Petition to Transfer by Appellee seeking to have the matter transferred to Nebraska. On June 18th the court issued an order denying that petition "pending custody conference." A custody hearing was later scheduled for December 23, 1992, and, according to Appellant's Brief, Appellant received notification on December 21, 1992 that Appellee had filed a Petition to Transfer Jurisdiction on December 17, 1992, and that the matter was scheduled to be heard on the date set for the hearing. Following receipt of Memoranda of Law, and the arguments of Counsel, the court granted the Petition to Transfer. In the memorandum opinion which followed, the court set forth the terms of section 23 Pa.C.S.A. § 5348. This section, titled "Inconvenient forum", provides in part:

(a) **General rule.**—A court which has jurisdiction under this subchapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

. . . . . .

**(c) Factors to be considered.**—In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose, it may take into account the following factors, among others:

(1) If another state is or recently was the home state of the child.[1]

(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.

(3) If substantial evidence concerning the present or future care, protection, training and personal relationships of the child is more readily available in another state.

(4) If the parties have agreed on another forum which is no less appropriate.

(5) If the exercise of jurisdiction by a court of this Commonwealth would contravene any of the purposes stated in section 5342 (relating to purposes and construction of subchapter).

With regard to these factors the trial court found the "Nebraska had more recently been the home state of the child", that "the child's connection with health care workers, day care workers, and a therapist, were more closely connected to the child's residence in Nebraska", that the parties had retained counsel in Nebraska and that Nebraska expressed a willingness to act in this matter. Finding all these factors weighed in favor of Nebraska assuming jurisdiction over the case, the court granted Appellee's motion.

 More than one state may have jurisdiction under the terms of the Uniform Child Custody Jurisdiction Act[2]

---

1. The term "home State" is defined in 23 Pa.C.S.A. § 5343, as:

 The state in which the child immediately preceding the time involved lived with his parents, a parent or a person acting as parent, or in an institution, for at least six consecutive months, and, in the case of a child less than six months old, the state in which the child lived form birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

2. 23 Pa.C.S.A. § 5341 *et seq.*

(UCCJA), and in such situations one state may defer its valid jurisdiction to another forum under section 5348 of the UCCJA, cited above. A decision to decline to exercise jurisdiction will not be reversed on appeal unless the court abused its discretion. *Merman v. Merman,* 412 Pa.Super. 247, 603 A.2d 201 (1992).

■ In the case presently before us the trial court has advised that it determined Nebraska to be the more appropriate forum because of the contacts the child has had in that state and because it was more recently the home state of the child. However Appellant asserts that Nebraska had no relationship with this child prior to the commencement of the initial proceeding in Lehigh County, and that Pennsylvania and not Nebraska was the home state of the child. Father argues that the only reason that the child was absent from Pennsylvania was because she was removed from this Commonwealth by her mother and retained in the state of Nebraska. He further contends that by considering the child's connections developed in the state of Nebraska, the court "set precedent encouraging parents to abscond with their child to another state after the filing of the initial proceedings." Finally, Appellant includes in his Brief a statement that the subject child has been residing in Pennsylvania since January 5, 1993. He offers this as further reason to reverse the trial court's ruling transferring the action.

Appellee, on the other hand, presents a different picture of the underlying events to support her position. She maintains that by court order she was permitted to remove the child to Nebraska from November 25 through December 18, 1991, and that during that period of time she had discussion with Appellant and they had appeared to reconcile their marriage. Because of the reconciliation, Appellant advised his attorney to withdraw the matter from the scheduled custody conference. She explains that Appellant then traveled to Nebraska, but eventually returned to Pennsylvania when the parties weren't able to mend the marriage. Mother maintains that she retained the child in Nebraska pursuant to the court's order pending a full hearing. Finally, mother asserts that contrary

to father's statement, that the child is presently residing with her in Nebraska.

Absent from the record is any sworn testimony on these disputed facts, and necessarily any findings of fact made by the trial court. Without benefit of such, we are unable to determine whether the trial court acted properly in transferring this matter. In this case there appears to be a serious question of whether Appellee left this jurisdiction with the child before or after the initiation of custody proceedings. Further questions of whether Appellant consented to the initial move, and whether Appellee was complying with the terms of any order of court when retaining the child in Nebraska, remain unresolved. Since the first custody action was discontinued, a record of those proceedings is not contained in the present record.

We deem a decision on these matters critical because courts of this Commonwealth cannot allow parents to seek to evade the jurisdiction of our courts by unilaterally moving with their children while custody proceedings are pending. In such instances a parent could, as a result of that move, claim that the new location is a more appropriate forum because of the ties now created. Custody actions, by their nature, take time within the court system to resolve. It would be contrary to the purposes of the UCCJA to allow a parent to take advantage of this delay by wrongly moving the child to a new jurisdiction and creating ties to a new community in an effort to later argue that the new forum should govern the action. Because Appellant argues that Appellee took the child from the child's "home state" where she had been residing for over six months after he initiated a custody proceeding and because the record is void of any information pertaining to the events which transpired, and the trial court has made no findings in this regard, we must remand this matter. On remand the trial court is to reconsider whether a transfer is appropriate in this case, taking into consideration the entire factual circumstances surrounding the move of the child to the state of Nebraska. If the court should determine that the move in this instance was made so as to create a jurisdictional competi-

tion between states, contrary to the purposes of 23 Pa.C.S.A. § 5342(a), such a finding should strongly impact on the decision to transfer.

■ Appellant makes two remaining arguments relating to the court's transfer order. He asserts that the court should not have considered Appellee's petition because the court had previously ruled against Appellee when she made the same request and because he was not afforded sufficient notice. The record does not indicate that this matter was previously decided favorably to Appellant so as to invoke the doctrine of res judicata. The court's previous ruling with regard to a Petition to Transfer filed by the mother denied the Petition, but the denial was "pending custody conference." Thus, it appears the matter was ruled on temporarily, pending a final determination to be made at the time of the custody conference. Finally, with respect to the issue of notification, we note that Appellee has argued that this issue has been waived. Because the trial court did not speak to this issue in its opinion, or to the matter of waiver, and because a remand is necessary for other reasons outlined above, we conclude that this question may more appropriately be resolved by the trial court.

Accordingly, we remand this matter to the trial court for a further hearing to determine whether Pennsylvania courts should exercise jurisdiction, and if so to determine custody. Following the entry of the court's decision, the aggrieved party can take the appropriate steps to perfect an appeal if desired.

Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.