## Speer v. Brunswick

C.P. of Lawrence County, no. 10203 of 1996, C.A.

*Susan Papa,* for plaintiff.
*George P. Micacchione,* for defendants.

MOTTO, *J.,* January 31, 1997—Before the court for disposition are the objections to jurisdiction filed on behalf of the minor child to the complaint in custody. The question presented is whether Pennsylvania should assume jurisdiction of a custody dispute involving an infant child, who was relocated to Ohio only two weeks after birth and before the institution of any custody proceedings.

The court finds that no basis for jurisdiction exists under the Uniform Child Custody Jurisdiction Act. Pennsylvania is not the home state of the child nor are there significant contacts with this Commonwealth to compel jurisdiction. Even if jurisdiction was present, this court would defer to Ohio as the more appropriate forum.

## FACTS

The plaintiff, who resides in New Castle, Pennsylvania, is the maternal grandmother of the subject minor child, Luke Alan Brunswick. The defendants are the mother and father of the child. Currently, the father is incarcerated in Waynesburg, Pennsylvania. As stipulated by the attorneys for both the plaintiff and the child, the mother's exact whereabouts are unknown, although she is known to be in New Castle, Pennsylvania.

The child and his mother, Ms. Brunswick, lived with the plaintiff from the child's birth on February 17, 1996 to March 4, 1996. On or about March 4, 1996, Ms. Brunswick moved herself and the child to the paternal grandmother's home in Austintown, Ohio. The child

has continued to live with his paternal grandmother in Ohio and has had no contact or presence in Pennsylvania since that time.

On March 7, 1996, the plaintiff filed her action for custody of the child in Pennsylvania, but no similar suit has been filed in Ohio. The child contests Pennsylvania jurisdiction.

## DISCUSSION

### *Jurisdiction*

The child, acting through his attorney, has challenged the right of this court to hear the pending custody dispute. The controlling law in Pennsylvania is the Uniform Child Custody Jurisdiction Act, which was passed to avoid jurisdictional conflicts with other states, ensure litigation occurs where the child and his family have the closest connection, and promote cooperation between the states to allow the custody decree to be rendered "in that state which can best decide the case in the interest of the child." 23 Pa.C.S. §5342(a).

The UCCJA permits a Pennsylvania court, which is competent to handle child custody matters, to assume jurisdiction in several circumstances. See 23 Pa.C.S. §5344. "[J]urisdiction can roughly be characterized as (1) 'home state' jurisdiction, (2) jurisdiction founded upon 'significant contacts' among the parties to the custody action and the locale in which the action has been brought, and (3) 'parens patriae' jurisdiction." *Guadagnino v. Montie,* 435 Pa. Super. 603, 614, 646 A.2d 1257, 1262 (1994). (footnote omitted) "Parens patriae" jurisdiction is not present in the case at bar.

"Home state" jurisdiction requires that Pennsylvania is or was the home state of the child. The "home state" is that "state in which the child immediately preceding

the time involved lived with his parents, a parent or a person acting as parent . . . for at least six consecutive months, and, *in the case of a child less than 6 months old, the state in which the child lived from birth with any of the persons mentioned.*" 23 Pa.C.S. §5343. (emphasis added) In the case at bar, the newborn child lived with his mother in Pennsylvania for only two weeks before the mother and child moved to Ohio. The plaintiff filed suit only after the child was living in Ohio with his mother and paternal grandmother. Immediately preceding commencement of this action, the child was living in Ohio, not Pennsylvania; therefore, the child has not lived in Pennsylvania from birth until commencement of the suit. Pennsylvania is not the home state of the child, and jurisdiction cannot rest on this factor.

The plaintiff could argue that Ms. Brunswick had not intended to keep the child in Ohio. If Ms. Brunswick had intended to return the child to Pennsylvania, Pennsylvania would be the child's home state and the trip to Ohio would have been only a temporary absence. See *Joselit v. Joselit,* 375 Pa. Super. 203, 544 A.2d 59 (1988) (retaining jurisdiction as the child's home state although the child was "temporarily present" in New York for six months on account of illness). But, if Ms. Brunswick intended to keep the child in Ohio, Pennsylvania cannot be the child's home state because the child would not have resided with his mother in this Commonwealth from his birth to the commencement of this proceeding.

This court has "home state" jurisdiction only if Ms. Brunswick intended to return the child to Pennsylvania. See *e.g., Plouffe v. Salas,* 560 N.Y.S.2d 99 (N.Y. Sup.Ct. 1990) (ruling that Texas remained the children's home state despite their temporary presence in New York).

Ms. Brunswick moved the child to Ohio on March 4, 1996, and the child has not returned to Pennsylvania since that time. Nothing suggests that she ever did intend to return the child to Pennsylvania, and the actual evidence compels the contrary conclusion. Pennsylvania was not the child's home state at the time the action was commenced.

Home state jurisdiction may also be found if Pennsylvania was (1) "the home state of the child within six months before commencement of the proceeding," (2) "the child is absent from Pennsylvania because of his removal or retention by a person claiming his custody or for other reasons," and (3) "a parent or person acting as parent continues to live in this Commonwealth." 23 Pa.C.S. §5344(a)(1)(ii). The defendant, Ms. Brunswick, did remove the child from Pennsylvania and is a defendant party to the suit. Furthermore, the parties have stipulated that both defendants are currently residing in Pennsylvania; although, the exact whereabouts of Ms. Brunswick are unknown. The problem for the plaintiff is establishing Pennsylvania as the child's home state.

The child lived with Ms. Brunswick in Pennsylvania for two weeks before moving to Ohio. Assuming that Ms. Brunswick was domiciled in Pennsylvania during those two weeks, the child would have lived with a parent in Pennsylvania within six months preceding suit. However, for Pennsylvania to be considered the home state of a child less than 6 months old, the child must reside with a parent in Pennsylvania *from birth* until commencement of the suit. See 23 Pa.C.S. §5342. In fact, the child lived in Ohio when the plaintiff brought suit, so he could not have lived from birth in Pennsylvania. Pennsylvania is not the home state of the child, and "home state" jurisdiction is not present.

Alternatively, "significant contacts" jurisdiction may be found where: "it is the best interest of the child that a court of this Commonwealth assume jurisdiction because: (i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; *and* (ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training and personal relationships of the child." 23 Pa.C.S. §5344(a)(2). (emphasis added)

The child has had no contacts with Pennsylvania since two weeks after his birth and has spent the rest of his life in Ohio with his paternal grandmother. All evidence pertaining to the child and his rearing, his current health records, and his family interactions are in Ohio. No evidence exists in Pennsylvania except for his birth records. Jurisdiction cannot rest in Pennsylvania based on "significant contacts." Without "significant contacts" or "home state" jurisdiction, this court cannot act as a tribunal of this custody dispute.

## *Forum Non Conveniens*

Pennsylvania would have "home state" jurisdiction if Ms. Brunswick and her child only meant to visit Ohio and later return to Pennsylvania. Even if this were true, Ohio would be a more appropriate forum. See 23 Pa.C.S. §5342(a) (stating one goal of UCCJA is resting jurisdiction "in that state which can best decide the case in the interest of the child"); see also, *Baines v. Williams,* 431 Pa. Super. 72, 635 A.2d 1077 (1993) (noting that the paramount concern in all child custody determinations is the best interest of the child and that the child's home state does not automatically usurp jurisdiction over another state); *Dincer v. Dincer,* 446 Pa. Super. 1, 666 A.2d 281 (1995), *alloc. granted,* 545

Pa. 171, 680 A.2d 873 (1996) (recognizing that the home state is not always the most appropriate forum); *Matter of D.L.S.,* 278 Pa. Super. 446, 420 A.2d 625 (1980) (encouraging restraint by a less appropriate forum).

Ohio could exercise jurisdiction in this custody proceeding under its version of UCCJA. See Ohio St. §3109.22 (permitting Ohio to have jurisdiction if it is in the best interest of the child, the child and a parent have significant contacts with Ohio, and substantial evidence is present in Ohio).

If Pennsylvania is the child's home state, then jurisdiction would lie in both Pennsylvania and Ohio. In *Gulla v. Fitzpatrick,* 408 Pa. Super. 269, 596 A.2d 851 (1991), the court deferred jurisdiction to Rhode Island when both Rhode Island and Pennsylvania could properly claim jurisdiction. Before the custody dispute arose, the child had spent most of his life in Pennsylvania, and most of the evidence as to the child's care during his first year was in Pennsylvania. Evidence of the child's second and third year was in Rhode Island. The court found that the actual presence of the mother and the child in Rhode Island tipped the balance in favor of that state. See *id.* at 285-86, 596 A.2d at 859 ("Rhode Island is the state where the child has been for the majority of his young life and where he has lived most recently."). Although Pennsylvania was the child's home state, the court transferred jurisdiction despite having previously issued two temporary custody orders, ruling on a paternity question, and granting child support.

In the instant case, the child spent little more than two weeks of his entire life in Pennsylvania and has had no contact with Pennsylvania since March 4, 1996. All evidence concerning the child is in Ohio except

for a two-week period immediately after birth. In *Gulla,* the child had spent his first year in Pennsylvania and was the focus of several lawsuits, but the court still refused to exercise jurisdiction over the custody matter when the child and the mother resided in another state. The child in the case at bar has minimal contact with Pennsylvania while Ohio has significant contacts and the majority of the evidence.

Pennsylvania, as the home state, should defer to a more appropriate and convenient forum. See *Merman v. Merman,* 412 Pa. Super. 247, 603 A.2d 201 (1992) (deferring jurisdiction to New Jersey where the mother and children had moved and where a suit was already pending); *Commonwealth ex rel. Octaviano v. Dombrowski,* 290 Pa. Super. 322, 434 A.2d 774 (1981) (requiring that another state must be a more appropriate forum before jurisdiction can be declined); see also, *Trothier v. Trothier,* 1996 WL 677481 (Conn.Super. 1996) (noting that UCCJA was intended to transfer jurisdiction when another state is in a better position to determine custody.)

The plaintiff could argue that Ms. Brunswick left Pennsylvania to avoid custody litigation in this Commonwealth. In *Hamm v. Hamm,* 431 Pa. Super. 283, 636 A.2d 652 (1994), the mother petitioned to transfer the child custody case to Nebraska on forum non conveniens grounds. The mother had moved from Pennsylvania to Nebraska when she separated from her husband in November 1991. On November 22, 1991, the father filed a custody action in Pennsylvania. The trial court granted the mother's petition, citing the child's contacts with Nebraska and "because it was more recently the home state of the child." *Id.* at 288, 636 A.2d at 655. The Superior Court reversed and remanded for further proceedings because the record was unclear

whether the mother had left the Commonwealth before or after the father had filed the custody action. The court reasoned that "courts of this Commonwealth cannot allow parents to seek to evade the jurisdiction of our courts by unilaterally moving with their children while custody proceedings are pending." *Id.* at 289, 636 A.2d at 655.

Unlike *Hamm,* the defendant in the instant case left Pennsylvania before custody proceedings were brought, and the record does not suggest or imply that she left because custody proceedings were imminent. Furthermore, the child has significant contacts with Ohio and substantial evidence exists in Ohio concerning his current living conditions, health records, and family situation. His paternal grandmother, with whom he is living, is an Ohio citizen and not necessarily subject to process in Pennsylvania. Ohio is the most appropriate forum for deciding custody and, even if Pennsylvania did have jurisdiction in this matter, the action should be dismissed on a forum non conveniens basis.

## CONCLUSION

Jurisdiction in this action is not present in Pennsylvania. Pennsylvania is not the child's "home state" under UCCJA nor are there significant contacts with Pennsylvania sufficient to extend jurisdiction over this action. Even if jurisdiction did exist in Pennsylvania, Ohio is in the best position to determine custody and this court would defer to Ohio as the more appropriate forum. The child has lived in Ohio since two weeks after his birth, substantial evidence concerning the child's care and relationships exist there, no evidence suggests that the child was removed to avoid jurisdiction of Pennsylvania courts, and the best interests of the

child will be served by deferring jurisdiction to Ohio where the child has lived nearly all of his life.

## ORDER

And now, January 31, 1997, for the reasons set forth in the opinion of even date herewith, it is ordered, adjudged and decreed that the plaintiff's complaint in custody be and hereby is dismissed for lack of jurisdiction in this court.