Randy VAN DYKE, Appellee,

v.

Lisa VAN DYKE, Appellant.

Superior Court of Pennsylvania.

Argued June 24, 1998.
Filed Dec. 22, 1998.

Mark A. Pietrusinski, Kittanning, for appellant.

Cindy L. Calarie, Kittanning, for appellee.

Before KELLY, JOHNSON and FORD ELLIOTT, JJ.

KELLY, J.:

Appellant, Lisa Van Dyke, asks us to determine whether the trial court erred in exercising jurisdiction to modify a Virginia custody order, where the children have attended school and lived with Appellee, Randy Van Dyke, in this Commonwealth, for five and one-half months pursuant to an agreement between both parents, and neither parent continues to live in the children's previous "home state" of Virginia. We hold that the trial court properly exercised jurisdiction in this case pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"). Accordingly, we affirm the order overruling Appellant's preliminary objection to Pennsylvania's jurisdiction and remand for completion of the custody proceedings.[1]

The relevant facts and procedural history of this appeal are set forth in the trial court's opinion as follows:

[Appellee] and [Appellant] were married on August 3, 1985 in Virginia. They lived in Virginia together as husband and wife until June 1996 when [Appellee] moved to Armstrong County, where he was raised and where he still had family. At around that time, [Appellant] filed an action or actions in the Circuit Court of Fairfax County, Virginia, pertaining to child custody, child support and divorce.

Several orders pertaining to child custody were entered by that court, all of which awarded "permanent custody" of the two children to [Appellant], with the most recent order of January 13, 1997 giving [Appellant] such custody and [Appellee] only such visitation privileges "as may be permitted by [Appellant]."

In the early part of June 1997, [Appellant] and [Appellee] signed a writing whereby they agreed that the two children would visit [Appellee] from Thursday, June 12, until Monday, June 16, 1997, which included Father's Day. The children were returned to Virginia after their brief stay pursuant to this agreement. However, they came back to Pennsylvania to again "visit" with [Appellee] in early July pursuant to another written agreement which provided for their staying with [Appellee] until August 1997. Yet another written agreement was entered into in August per-

---

1. This appeal is certified pursuant to Pa.R.A.P. 311(b)(2) as the trial court states in its order that a substantial issue of jurisdiction is presented.

mitting the children to live with [Appellee] until November 1, 1997.

In the meantime, [Appellant] moved from her home in Virginia to the Charleston, West Virginia area around July 1, 1997 with [Appellee's] written consent. At the time she moved, the Virginia divorce action was still pending.

On November 3, 1997, [Appellant] and [Appellee] engaged in a telephone conversation in which [Appellant] represented that she would travel to Kittanning, Pennsylvania, [Appellee's] current place of residence, on Saturday, November 10, to personally deliver to him a certificate of title for a certain automobile. No mention was made by her of any intention to take the children back with her to West Virginia. Instead, on Wednesday, November 5, 1997, [Appellant] appeared at the Office of the Prothonotary of Armstrong County with a certified copy of the Virginia court orders granting her permanent custody of the two children. She caused copies of the orders to be given to the Sheriff along with instructions to enforce them. The Sheriff picked the children up after school and delivered them to the motel where [Appellant] was staying. [Appellee], in the meantime, learned of these events and appeared before the Court with [Appellant], who was still in the vicinity of the Courthouse. In the presence of both, the Court ordered that the status quo be preserved until the following day when evidence could be received by it pertaining to the various issues. The Court, therefore, directed a *return of the children to [Appellee]* pending further Order of Court.

On Thursday, November 6, 1997, after appointing counsel for [Appellant] and after the filing of the above-mentioned petition to modify by [Appellee], the Court conducted a hearing on the jurisdictional issue. At the jurisdictional hearing, evidence which established the above-recited facts was presented.

(Trial Court Opinion, filed December 4, 1997, at 1–3) (footnote omitted). On December 15, 1997, the trial court entered an order, which overruled Appellant's preliminary objection to jurisdiction. The trial court further found that a substantial issue of jurisdiction is present and certified an immediate appeal to this Court. Thereafter, Appellant filed a timely notice of appeal.

Appellant raises the following issue for our review:

IS THE EXERCISE OF JURISDICTION IN THIS CUSTODY MATTER APPROPRIATE UNDER 23 PA.C.S.A. [§]5341, *ET SEQ.* IN SPITE OF THE EXISTENCE OF A VALIDITY [SIC] ENTERED CUSTODY ORDER FROM ANOTHER STATE?

(Appellant's Brief at 3).

■ A trial court's decision to exercise or decline jurisdiction in a matter involving the UCCJA is within the court's discretion, and we will not disturb the court's decision absent an abuse of that discretion. *See generally Black v. Black*, 441 Pa.Super. 358, 657 A.2d 964 (Pa.Super.1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995); *Hamm v. Hamm*, 431 Pa.Super. 283, 636 A.2d 652 (Pa.Super.1994); *Merman v. Merman*, 412 Pa.Super. 247, 603 A.2d 201 (Pa.Super.1992). Questions as to whether our courts have jurisdiction over interstate custody issues fall under the Uniform Child Custody Jurisdiction Act at 23 Pa.C.S.A. §§5341–5366 (UCCJA).

■ The UCCJA is not a reciprocal law. *See e.g., Baines v. Williams*, 431 Pa.Super. 72, 635 A.2d 1077, 1079 n. 2 (Pa.Super.1993); *Hattoum v. Hattoum*, 295 Pa.Super. 169, 441 A.2d 403, 405 (Pa.Super.1981). However, the UCCJA also controls interstate custody disputes under Virginia law. Va.Code ANN. §§ 20–125 to 20–139 (1998). The UCCJA was promulgated to deter abductions and unilateral conduct by a contestant to a custody dispute, to avoid conflict with other courts, to promote cooperation and facilitate the enforcement of foreign custody decrees, and to assure that custody disputes are heard in the forum with which the child and family have the closest connection. 23 Pa. C.S.A. §5342(a)(1)-(8); *Tettis v. Boyum*, 317 Pa.Super. 8, 463 A.2d 1056, 1058 (Pa.Super.1983); *Middleton v. Middleton*, 227 Va. 82, 314 S.E.2d 362, 366–67 (Va.1984). Thus, for our analysis, the Pennsylvania and the

Virginia statutes are identical in form and purpose.

When a court of another state has entered a custody decree, the UCCJA requires a court of this Commonwealth to decline jurisdiction to modify the foreign court's custody decree, unless:

(1) it appears to the court of this Commonwealth that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this subchapter or has declined to assume jurisdiction to modify the decree; and

(2) the court of this Commonwealth has jurisdiction.

23 Pa.C.S.A. §5355. Thus, the critical inquiries in the instant case are whether Pennsylvania has any basis to assert jurisdiction over the custody matter and whether Virginia continues to maintain its jurisdiction over custody.

Jurisdiction in a child custody matter is controlled by Section 5344(a) of the UCCJA, which states in pertinent part:

### § 5344. Jurisdiction

(a) **General rule.**– A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this Commonwealth:

(i) is the home state of the child at the time of commencement of the proceeding; or

(ii) had been the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this Commonwealth;

(2) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and

(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training and personal relationships of the child;

(3) the child is physically present in this Commonwealth, and:

(i) the child has been abandoned; or

(ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;

(4)(i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum to determine the custody of the child; and

(ii) it is in the best interest of the child that the court assume jurisdiction; or

(5) the child welfare agencies of the counties wherein the contestants for the child live, have made an investigation of the home of the person to whom custody is awarded and have found it to be satisfactory for the welfare of the child.

23 Pa.C.S.A. § 5344(a); *see also* Va.Code ANN. § 20–126A (1998) (identical to 23 Pa. C.S.A. § 5344(a)). Section 5343 of the UCCJA defines "home state" as "[t]he state in which the child immediately preceding the time involved lived with his parents, a parent or a person acting as parent, or in an institution, for at least six consecutive months...." 23 Pa.C.S.A. § 5343; *see also*, Va.Code ANN. § 20–125 (1998) (identical to 23 Pa.C.S.A. § 5343).

Appellant first asserts that Pennsylvania may not modify the Virginia decree because Pennsylvania is without jurisdiction. Appellant claims that Virginia continues to maintain "home state" jurisdiction over this matter and, therefore, Pennsylvania must decline jurisdiction. In response to Appellant's argument, the trial court reasoned:

Preliminarily, the [trial] Court notes that Pennsylvania is not the "home state" of the children. 23 Pa.C.S. §5343 defines home state as the state in which the child immediately preceding the time involved lived with a parent for at least six consecutive months. The children had not lived in Pennsylvania for the six month period before the filing of the petition to modify. Therefore, Pennsylvania has no jurisdiction under 23 Pa.C.S. § 5344(a)(1)(i). However, it certainly appears that Pennsylvania does have jurisdiction under 23 Pa.C.S. § 5344(a)(2). Subsection two of the statute permits Pennsylvania to assume jurisdiction when necessary to serve the best interests of the child. Jurisdiction may be assumed by Pennsylvania when the children and at least one parent have at least one significant connection with this Commonwealth and there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training and personal relationships of the child. The children have been enrolled in school in Pennsylvania. Furthermore, the children have extended family located in Pennsylvania. Indeed, it is in the best interest of the children for Pennsylvania to assume jurisdiction because Virginia really no longer has an interest in their welfare and because they are complete strangers to the State of West Virginia.

Under 23 Pa.C.S. §5355, however, Pennsylvania may still not modify an out of state custody order unless the state in which the order was entered no longer has jurisdiction. A review of the relevant portion of Virginia's statute (Code of Virginia, §20–126, identical to 23 Pa.C.S. § 5344) reveals that Virginia has no basis to any longer claim ["home state"] jurisdiction. The Court particularly notes that subsection (A)(1)(ii) requires that at least one of the parents continue to live in Virginia, which is not the case here.

Furthermore, 5344(a)(4) permits Pennsylvania to assume jurisdiction when it appears as if no other state can assume jurisdiction. Consequently, because it is unlikely that Virginia or West Virginia have jurisdiction under their correlation to 23 Pa.C.S. §5344(a)(1), (a)(2), or (a)(3), Pennsylvania has jurisdiction under 23 Pa. C.S. §5344(a)(4).

(Trial Court Opinion, *supra* at 4–6). In accord with the foregoing law and the well-reasoned analysis of the trial court,[2] we conclude that Appellant's first claim is without merit.

■ Appellant also argues that Pennsylvania must decline jurisdiction pursuant to 23 Pa.C.S.A. § 5347 because a divorce action, which included custody proceedings, was still pending in Virginia. We disagree.

Section 5347 provides in pertinent part:

§ 5347. **Simultaneous proceedings in other states**

(a) **General rule.–** A court of this Commonwealth shall not exercise its jurisdiction under this subchapter if, at the time of filing the petition, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this subchapter, unless the proceeding is stayed by the court of the other state because this Commonwealth is a more appropriate forum or for other reasons.

23 Pa.C.S.A. §5347.

Pursuant to our disposition of Appellant's first claim, Virginia no longer retains jurisdiction under the UCCJA. Thus, Pennsylvania need not decline jurisdiction under Section 5347 because Virginia is no longer "exercising jurisdiction substantially in conformity with this subchapter." *See* 23 Pa. C.S.A. § 5347. Moreover, by virtue of the testimony offered at the jurisdiction hearing, as well as written communications with the Fairfax County (Virginia) Circuit Court, the trial court found that no custody proceedings were "pending" in Virginia in any meaningful sense. The trial court based this finding

---

**2.** We add that Virginia may no longer assert jurisdiction under its version of 23 Pa.C.S.A. § 5344(a)(2), codified at Va.Code ANN. § 20–126(A)(2) (Michie 1995), because both parties and the children have moved from Virginia, thereby extinguishing any "significant connection" with Virginia.

on the fact that (1) no decision is due from any Virginia Court; (2) no hearing is yet to be held in Virginia on the custody issue; (3) neither party has requested a hearing on the custody issue; and (4) both Appellant and Appellee have abandoned the state of Virginia. Accordingly, we conclude that Pennsylvania is not required to decline jurisdiction pursuant to 23 Pa.C.S.A. §5347.

Finally, Appellant argues that Pennsylvania is required to decline jurisdiction because Appellee unilaterally retained the children in Pennsylvania in violation of the Virginia custody order. We disagree.

Under Section 5349 of the UCCJA, a court of this Commonwealth "shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody." 23 Pa.C.S.A. § 5349(b). In the instant case, Appellee never improperly removed the children from the physical custody of Appellant. To the contrary, Appellee had physical custody of the children pursuant to a written agreement executed by Appellant. Under the terms of the agreement, Appellant consented to Appellee's retaining physical custody of the children. Moreover, Appellee did not improperly retain the children after a visit or other temporary relinquishment of physical custody as he was not asked to return the children to Appellant at any time prior to Appellant's attempt to enforce the Virginia custody order. To the contrary, Appellee filed a petition to modify the Virginia decree only after Appellant had unilaterally taken physical custody of the children. Accordingly, we conclude that Section 5349 is inapplicable in the instant case and Appellant's issue warrants no relief.

Based upon the foregoing analysis, we affirm the trial court's order, which overruled Appellant's preliminary objection to Pennsylvania jurisdiction.

Order affirmed; case remanded for further custody proceedings. Jurisdiction is relinquished.