603 A.2d 201

**Rosemary MERMAN**

v.

**Thomas MERMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1991.

Filed Jan. 14, 1992.

Susan E. Murray, Media, for appellant.

Elaine Smith, Philadelphia, for appellee.

Before ROWLEY, President Judge, and WIEAND and JOHNSON, JJ.

ROWLEY, President Judge;

Thomas Merman ("Father") appeals from the order entered March 25, 1991 in the Court of Common Pleas of Philadelphia County in this custody action. Father alleges that the trial court erred in failing to exercise jurisdiction in this matter. Although Father concedes that both Pennsylvania and New Jersey had jurisdiction [1] under the Uniform Child Custody Jurisdiction Act (UCCJA) [2], Father claims that Pennsylvania was the more appropriate forum for adjudication. Therefore, Father asserts that the trial court abused its discretion in finding that New Jersey was the more appropriate forum, as New Jersey was not the "home state" and did not have "maximum significant contacts." Having thoroughly reviewed the record and considered the arguments of the parties, we now affirm the order.

The factual and procedural history of this case is as follows: Father and Rosemary Merman ("Mother") were married in Pennsylvania in 1979. On December 21, 1989, Mother filed for divorce in the Court of Common Pleas of Philadelphia County, Family Division. In March of 1990, Mother and the two minor children, Thomas and Adrianna, moved to Sewell, New Jersey. Father filed an answer to the divorce complaint in April, 1990 in the Philadelphia County court. Father raised the issue of child custody for the first time when he filed this answer, and Mother responded in the Philadelphia court with her own complaint

1. Appellant's brief at 10; Trial court opinion at 3.
2. See 23 Pa.C.S.A. § 5341 et seq. and N.J.S.A. 2A:34–28 et seq.

for custody on April 23, 1990. The trial court entered a
temporary order on June 12, 1990 pursuant to a custody
conference between Father and Mother. The temporary
order granted Mother primary custody and Father partial
custody.

On January 9, 1991, Mother filed a Protection From
Abuse action in Gloucester County, New Jersey, on behalf
of the children. The New Jersey court entered a temporary
order granting Mother full custody and staying Father's
visitation rights.

In the Pennsylvania divorce and custody action, the Hon-
orable Vito F. Canuso presided over a pre-trial conference
on January 28, 1991. At this time, Mother informed the
court that New Jersey had assumed jurisdiction. On Janu-
ary 30, 1991, Mother filed a petition to suspend the Pennsyl-
vania court's partial custody order and to transfer jurisdic-
tion to New Jersey.

On February 1, 1991 the New Jersey court entered an
emergency order granting Father limited visitation rights
with his daughter and precluding visitation between Father
and his son.

A hearing was held in the Philadelphia County court on
March 8, 1991 in response to Mother's petition to suspend
partial custody and to transfer jurisdiction to New Jersey.
Pursuant to this hearing, Judge Canuso entered the follow-
ing order:

AND NOW, this 25th day of March, 1991, following oral
argument and after consideration of the briefs filed by
counsel and a review of the record, we find that this court
has jurisdiction of the custody matter now before it
concerning the children, THOMAS AND ADRIANNA
MERMAN.

However, since the initiation of proceedings and entry of
a Temporary Order by this Court, on June 12, 1990,
mother and children moved to New Jersey where they
presently reside. Subsequently, mother has filed an ac-
tion in New Jersey, under the Prevention of Domestic

Violence Act and Orders have been entered by that Court dealing with the issue of custody and which have, in effect, stayed and superceded [sic] our Temporary Order. Under these circumstances and also finding that substantial evidence concerning the present and future care, protection, training and personal relationships of the children are readily available there, we find that the State of New Jersey is a more appropriate forum pursuant to the factors as outlined under the Uniform Child Custody Jurisdiction Act, 42 Pa.C.S., Section 5438.

Accordingly, upon motion of counsel for Plaintiff, Rosemary Merman, it is hereby ORDERED that the above custody proceedings are STAYED upon condition that a custody proceeding be promptly commenced in the Superior Court of New Jersey, Chancery Division–Family Part, Gloucester County.

It is from this order that Father timely appeals.

■ When reviewing a trial court's decision not to exercise jurisdiction under the terms of the UCCJA, we will not reverse the trial court's decision unless the court abused its discretion. *Joselit v. Joselit*, 375 Pa.Super. 203, 544 A.2d 59 (1988). Our review of the record reveals that the trial court did not abuse its discretion in determining that New Jersey was the more appropriate forum for custody proceedings.

Both Pennsylvania and New Jersey have adopted the Uniform Child Custody Jurisdiction Act.[3] In Pennsylvania, the UCCJA permits the exercise of jurisdiction if:

(1) This Commonwealth:

(i) is the home state of the child at the time of commencement of the proceeding; or

(ii) had been the home state of the child within six months before commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custo-

---

3. *See* 23 Pa.C.S.A. § 5341 *et seq.* and N.J.S.A. 2A:34–28 *et seq.* We note, however, that the UCCJA "is not a 'reciprocal' law and is in full operation in each state regardless of its enactment in other states." *Hattoum v. Hattoum*, 295 Pa.Super. 169, 174, 441 A.2d 403, 405 (1982).

dy or for other reasons and a parent or person acting as his parent continues to live in this Commonwealth; . . .

23 Pa.C.S.A. § 5344(a). Home state, for purposes of the UCCJA, is defined as "the state in which the child immediately preceding the time involved lived with his parents, a parent or a person acting as parent, or in an institution, for at least six (6) consecutive months . . ." 23 Pa.C.S.A. § 5343. The UCCJA definition of home state is used solely to determine whether a specific state can assert jurisdiction under the theory that it is the home state. As Pennsylvania had been the home state of the children within six months prior to Father filing for custody, Pennsylvania was permitted to exercise jurisdiction.[4]

 Father claims that the trial court erred in deferring to New Jersey because the home state is generally given preference in jurisdictional disputes. *Hattoum v. Hattoum*, 295 Pa.Super. 169, 175, 441 A.2d 403, 405 (1982). However, we note that in certain circumstances a trial court may determine that the home state is not the most appropriate forum. *Id.*, 295 Pa.Superior Ct. at 175, 441 A.2d at 406. Therefore, as Pennsylvania was the home state as defined under the UCCJA, we must determine whether the trial court abused its discretion in deciding that New Jersey would be the more appropriate and convenient forum under the UCCJA.

 Although Pennsylvania was the home state for jurisdictional purposes under the UCCJA, the home state jurisdictional basis does not preclude another state from having jurisdiction under another subsection of the UCCJA. As noted above, Father concedes that New Jersey has

---

**4.** When Judge Canuso stated that "New Jersey is presently the home state of the children . . .," he was not using it as a basis for New Jersey's jurisdiction. (Trial court opinion at 3.) The jurisdictional issue had already been conceded. Rather, Judge Canuso was acknowledging that he had considered the fact that the children presently lived in New Jersey and intended to remain there indefinitely in making his determination that New Jersey was the most appropriate forum.

jurisdiction under the UCCJA.[5] When jurisdiction exists in two states, only one state can properly adjudicate. *Hattoum v. Hattoum, supra,* 295 Pa.Superior Ct. at 175, 441 A.2d at 406. If two states have jurisdiction under the UCCJA, one state may defer its valid jurisdiction to another forum under 23 Pa.C.S.A. § 5348(e), which states:

(e) **Disposition.**—If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.

Therefore, the court may properly determine that in some circumstances the home jurisdiction is not the most appropriate forum. *Hattoum v. Hattoum, supra,* 295 Pa.Superior Ct. at 175, 441 A.2d at 406. The UCCJA enumerates some of the factors that a trial court can consider in deciding whether to defer jurisdiction to another forum:

(c) **Factors to be considered.**—In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose, it may take into account the following factors, among others:

(1) If another state is or recently was the home state of the child.

**5.** Although both parties conceded jurisdiction and we do not have to determine whether New Jersey's exercise of jurisdiction was proper, we note that other bases for jurisdiction exist under the UCCJA. A court that is not the home jurisdiction may exercise jurisdiction if:

(2)(i) the child and his parents, or the child and at least one contestant, have a significant connection with (the state); and

(ii) there is available in (the state) substantial evidence concerning the present or future care, protection, training, and personal relationships of the child.

23 Pa.C.S.A. § 5344(a)(2). A court may also exercise jurisdiction in exigent circumstances, such as when abuse is alleged. 23 Pa.C.S.A. § 5344(a)(3)(ii). New Jersey presumably exercised jurisdiction under one of these subsections as codified in N.J.S.A. 2A:34–29.

(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.

(3) If substantial evidence concerning the present or future care, protection, training and personal relationships of the child is more readily available in another state.

(4) If the parties have agreed on another forum which is no less appropriate.

(5) If the exercise of jurisdiction by a court of this Commonwealth would contravene any of the purposes stated in section 5342 (relating to purposes and construction of subchapter).

23 Pa.C.S.A. § 5348(c).

The language of the trial court opinion indicates that the trial court stayed proceedings on the basis of § 5348(c)(3).[6] The record supports the trial court's determination that New Jersey was the more appropriate forum even though it was not the home state as defined under the UCCJA. As the trial court did not abuse its discretion, we will not disturb its decision.

■ Father further alleges that New Jersey's jurisdiction was not compelling enough to warrant the transfer of jurisdiction from Pennsylvania to New Jersey under the maximum significant contacts theory of 23 Pa.C.S.A. § 5344(a)(2).[7] This argument lacks merit. The maximum

6. The trial court stated in its opinion that "substantial evidence concerning the present and future care, protection, training and personal relationships of the children was more readily available (in New Jersey)." (Trial court opinion at 3.)

7. As support for his argument, Father refers to our Court's decision in *Barndt v. Barndt*, 397 Pa.Super. 321, 580 A.2d 320 (1990). Appellant claims that relinquishing jurisdiction to New Jersey would thwart the purposes of the UCCJA, which was created to prevent forum shopping and other abuses. However, our determination in *Barndt* did not turn on whether maximum significant contacts existed. Rather, *Barndt* required the application of federal law in light of improper actions by the non-custodial parent. We find it important to note that Mother moved the children to New Jersey prior to the commencement of custody proceedings, the children were properly in Mother's custody

significant contacts theory is used to determine whether a particular forum actually has jurisdiction. As both parties conceded that New Jersey has jurisdiction, the maximum significant contacts theory does not apply to the issue before us. Our only basis for review is whether the trial court in Philadelphia County erred in refusing to exercise jurisdiction in this matter. *See Carpenter v. Carpenter*, 326 Pa.Super. 570, 577, 474 A.2d 1124, 1128 (1984). As stated previously, when two forums have jurisdiction, one forum can defer jurisdiction to the other forum under 23 Pa.C.S.A. § 5348. The trial court was permitted to stay proceedings on the basis that Pennsylvania was an inconvenient forum. Accordingly, our Court will not disturb the trial court's determination absent an abuse of discretion.

A thorough and comprehensive review of the record shows that the trial court considered all relevant factors in reaching its determination that New Jersey was the more appropriate forum for the custody dispute. Accordingly, we affirm the trial court's order.

Order affirmed.

at the time she moved, and there is nothing on the record to indicate that Mother had any improper motives. Accordingly, we can distinguish this matter from our decision in *Barndt* without defeating the underlying principles of the UCCJA.