## Gehris v. Gehris

C.P. of Monroe County, no. 636 Civil 1998.

*Steven E. Krawitz,* for plaintiff Susan Gehris.
*Richard J. Shiroff,* for defendant Kerry Gehris.

WALLACH MILLER, *J.,* June 5, 1998—On January 29, 1998, Mother's ninth lawyer filed a custody complaint on her behalf in Monroe County. Father filed preliminary objections based on improper venue.

There is much history to this dispute which begins on January 18, 1989, prior to this couple's divorce, when Susan Gehris, Mother, and Kerry Gehris, Father, entered into a custody agreement providing shared legal custody of their two children, Kelly and Kevin. The parties further agreed that physical custody would be almost equally divided with Father having custody every week from Thursday after school until Sunday after church, with the exception that once per month the children would be returned to Mother's custody prior to the church service. Since both parties lived in Northampton County, Pennsylvania, at the time that they entered into this agreement, it was approved and made enforceable as an order of the Northampton County Court of Common Pleas. Over the years that followed, the Northampton County Court of Common Pleas heard numerous requests for custody modification and many petitions for contempt filed by these parties. In considering the current petition before us, it is unnecessary for us to set forth the details of each of the custody changes, but we summarize a few details only for clarity of the current situation which impacts our decision.

First, since Kelly has reached the age of emancipation, we need only focus on the 12-year-old, Kevin. Second, it appears that Kevin has lived primarily with his father since 1994, subject to Mother's periods of partial physical custody. Third, in July 1996, Father remarried and moved to Brodheadsville, Monroe County, Pennsylvania. Mother's residence remains in Northampton County.

Northampton County continued to exercise jurisdiction in this matter even after Father's move into Monroe

County. On March 19, 1997, after a two-day hearing, Father, once again, was granted primary physical custody of Kevin subject to Mother's partial periods of physical custody every other weekend, alternating holidays and two weeks during summer vacation. Furthermore, the Northampton County Court specifically ordered Mother to relinquish Kevin's passport to Father within five days, and denied Mother's request to remove Kevin from school for a month-long trip to Europe. Mother did not object to the jurisdiction or venue of the Northampton County Court.

Ten months later, on January 29, 1998, Mother filed a custody complaint in Monroe County, Pennsylvania, requesting this court to exercise jurisdiction over the custody dispute and award Mother primary custody of Kevin. Mother contends that under the Uniform Child Custody Jurisdiction Act, Monroe County satisfies the "home state" jurisdictional test since Kevin and Father have resided in Monroe County for more than six months. Furthermore, Mother argues that Kevin has substantial contacts in this county as he attends school in Monroe County and she is currently employed in Monroe County.

Father contests the filing of Mother's custody complaint in Monroe County and objects on the basis that this complaint was filed in the improper venue. Father supports his argument with practical considerations since there has been a long and arduous history of litigation between the parties, and the Northampton County Court of Common Pleas is not only familiar with the specifics of the case but is well aware of the historical difficulties involved in this custody matter. Father believes Mother is forum shopping and seeking a new jurisdiction to begin relitigating the custody dispute. Father further argues that there is a pending con-

tempt petition before the Northampton County Court of Common Pleas; thus, in accordance with the UCCJA, Monroe County should decline to act on this matter.

We specifically note that this case is particularly different from most we see in applying the UCCJA. Ordinarily, it is the parent that has moved into a new county or state that petitions a court in the new geographic location to establish jurisdiction in hope of initiating a custody action or modifying a current custody arrangement with a beneficial outcome in their favor.

In our current case, we encounter the opposite situation. Mother, who remains in Northampton County, seeks to move the custody action to Monroe County, Father's new county of residence. We do note, however, that Mother and Father lived in Northampton County for approximately two years with Father having primary physical custody of Kevin. Nearly two years ago, Father moved a few miles over the county line into Monroe County, with the same custody arrangement in effect. Additionally, at the time Mother filed this recent custody complaint, the parties had been operating under the most recent March 1997 arrangement for almost one year.

We begin our analysis with a review of the pertinent Pennsylvania Rules of Civil Procedure and the applicable statutory provisions as argued by Mother in her custody complaint, and address Father's preliminary objections regarding Monroe County as the improper venue.

Initially, Mother argues that "Pennsylvania's enactment of the Uniform Child Custody Jurisdiction Act codified at 23 Pa.C.S. §5341 et seq., has virtually no application to intrastate venue/jurisdiction questions." (Mother's brief at p. 3.) She also argues that such questions regarding venue are exclusively addressed by

Pa.R.C.P. 1915.2. *Id.* This interpretation is clearly erroneous. We specifically point to Pennsylvania's Divorce Code, Children and Minors, section 5364 which provides for intrastate applicability, and states:

"Section 5364. Intrastate Application.

"(a) General rule. Except as otherwise provided in this section, the provisions of this subchapter allocating jurisdiction and functions between and among courts of different states *shall also allocate jurisdiction and functions between and among the courts of common pleas of this Commonwealth.*" 23 Pa.C.S. §5364. (emphasis added)

Furthermore, we also note that the rule regarding venue as set forth in Pa.R.C.P. 1915.2 closely parallels the same language as used in UCCJA section 5344. The explanatory comment following Rule 1915.2 states, in pertinent part, "[s]ubdivision (a) of Rule 1915.2 incorporates the four categories of 23 Pa.C.S. §5344(a)(1) to (4) as the venue provision for these rules, restating them in rule form without change in substance." Pa.R.C.P. 1915.2. See also, *Brady v. Brady,* 25 D.&C.3d 196 (1982).

Next, Mother argues that Father only filed a petition for civil contempt of custody order in Northampton County, on February 24, 1998, after Mother filed the instant custody complaint in Monroe County in order to "create a pending issue" before the Northampton County Court thereby constraining Monroe County to decline jurisdiction. (Mother's brief at p. 5.) Although Mother does not cite to a specific UCCJA provision, we believe Mother is relying on UCCJA section 5347 which specifically states:

"Section 5347. Simultaneous proceedings in other states.

"(a) General Rule.—[a] court of this Commonwealth shall not exercise its jurisdiction under this subchapter if, *at the time of filing the petition,* a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction . . . unless the proceeding is stayed by the court of the other state because this Commonwealth is a more appropriate forum or for other reasons." 23 Pa.C.S. §5347(a). (emphasis added)

In applying this provision to the facts of our instant case, we agree that Father's petition for contempt was filed after Mother's petition for custody. Thus, if his petition were heard by the Northampton County Court, then Monroe County would be precluded from exercising jurisdiction. However, we acknowledge that the March 19, 1997 custody order is still in effect and since custody orders are continually modifiable until the child who is the subject of the dispute becomes emancipated, then a custody dispute continues to be a pending matter until such time that a custody order is no longer needed. Therefore, we find that since Northampton County has presided over this custody dispute, even after Father moved to Monroe County, then the custody matter is still pending in Northampton County.

Furthermore, in accordance with UCCJA sections 5347(b) and 5364(h), we conclude after speaking to Judge Kimberly McFadden of Northampton County Court of Common Pleas, that in order to effectuate the best interests of this minor child, jurisdiction should remain in that county. Section 5347(b), states:

"(b) Stay; communication with other court.

"If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding

and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged . . . ." 23 Pa.C.S. §5347(b).

In light of the litigious nature of this case, we find Northampton County Court of Common Pleas to be a more appropriate forum to consider another modification to the current custody arrangement. We reviewed the Northampton County Prothonotary's docket activity detailing the history of this case and observed that Mother has changed counsel nine times from August 21, 1987 through February 1998. We also noticed that there were numerous custody modifications and petitions for contempt filed between the parties since their divorce in December 1990. By our count, not less than eight custody orders and approximately nine contempt and special relief petitions were filed.

Furthermore, section 5364, paragraph (h) states:

"(h) Modification of custody decrees.

"(1) If another court has made a custody decree, a court before which a petition for modification is pending shall not modify the decree of the other court unless it appears to the court before which the petition is pending that the other court which rendered the decree does not have jurisdiction under jurisdiction prerequisites substantially in accordance with this subchapter or has declined to assume jurisdiction to modify its decree and the provisions of subsection (f)(2) will not be violated by an exercise of jurisdiction by the court before which the petition is pending." 23 Pa.C.S. §5364(h).

Applying this statutory provision to our case at bar, Northampton County Court of Common Pleas has presided over this case since its inception and has not declined jurisdiction to further modify its current order. Therefore, we are prohibited from modifying Northampton County's order unless Northampton County declines to assume jurisdiction.

Next, Mother argues that since Father and minor child have lived in Monroe County for more than six months, Monroe County satisfies the "home state" jurisdictional requirement set forth in UCCJA section 5344 and therefore, it is the appropriate forum in which to file this custody complaint. This provision states, in pertinent part:

"Section 5344. Jurisdiction.

"(a) General rule.—A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(1) this Commonwealth

"(i) is the home state of the child at the time of commencement of the proceeding, or

"(ii) had been the child's home county within six months before commencement of the proceeding and the child is absent from the county because of the child's removal or retention by a person claiming the child's custody or for other reasons and a parent or person acting as parent continues to live in the county;" 23 Pa.C.S. §5344.

Perhaps if our analysis was limited solely to a strict interpretation of the UCCJA definition of "home state," we may be constrained to find that jurisdiction exists in Monroe County since the minor child has lived here for almost two years. However, we are not required to end our analysis at this point. Our Commonwealth has continuously stressed that a court's paramount concern in a custody proceeding should be focused on the best interest of the child. We must keep in mind that the bases for jurisdiction outlined in the statute are alternative, and the fact that one state is the child's "home state" does not automatically confer jurisdiction upon that state. *Merman v. Merman,* 412 Pa. Super. 247, 603 A.2d 201 (1992). Furthermore, when viewing the totality of the rules and statutory provisions re-

garding custody actions, we note that jurisdiction is not set in stone, but rather the rules are set forth as guidance for the court but may be applied with discretion in order for the court to respond in the child's best interest. *Carpenter v. Carpenter,* 326 Pa. Super. 570, 474 A.2d 1124 (1984). To clarify, we point to the note stated directly after Rule 1915.1 which provides:

"Under the Uniform Child Custody Jurisdiction Act, 23 Pa.C.S. §5341 et seq., the court *may* decline to exercise its jurisdiction in a particular action despite the action having been brought in a county of proper venue." Pa.R.C.P. 1915.1, note. (emphasis added)

The UCCJA was generally established to provide stability to the home environment and to family relationships by discouraging continuing controversy over child custody, to avoid jurisdiction disputes, to avoid relitigation and to assure that litigation concerning child custody takes place ordinarily in the state in which the child and the child's family have the closest connection. 23 Pa.C.S. §5342; *Barndt v. Barndt,* 397 Pa. Super. 321, 580 A.2d 320 (1990).

We find that the best interests of this minor child would be served with a forum that has had optimum access to all relevant evidence about the child and family. By filing a custody complaint in Monroe County, Mother is asking this court to begin the custody process over again in our jurisdiction. We do not find this to be a practical mechanism to effectuate a modification of a current custody order or in the best interests of Kevin. First, our local rules require parties involved in a custody dispute initially attend a custody conciliation conference with our court-appointed custody conciliator to try to work out a mutually acceptable custody arrangement. Viewing the past history of this case in the most favorable light, we believe the prospect of these parties solving this custody dispute at that conference to be slim. Following that, the parties would be required to

undergo homestudy evaluations and more than likely psychological evaluations. While the parents, the alleged adults, in the case continue their battle, Kevin, the 12-year-old, must try to survive the tension wrought by the ongoing litigation. Since Northampton County has already established an understanding of the issues involved in this case and a familiarity with the parties, we do not find Mother's petition to this court to be in the best interests of Kevin. Moreover, we take notice that Monroe County and Northampton County are geographically contiguous. Thus, while we acknowledge that Father did relocate to Brodheadsville, Monroe County, his residence is only a few miles across the geographic county line and is still closer to the county seat in Northampton County than that of Monroe County. Consequently, since Northampton County has presided over this case throughout the parties' divorce and custody proceedings, it would be more appropriate that Northampton County retain jurisdiction over this case.

## ORDER

And now, June 5, 1998, in accordance with the attached opinion, defendant's preliminary objection regarding improper venue is granted. Jurisdiction is deferred to Northampton County.